FILED'09 NOV 03 14:52usdc-orp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SUMMER RAE CARMONA, | ) | Civil No. 08-6257-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Drew L. Johnson
1700 Valley River Drive
Eugene, OR 97405

Kathryn Tassinari
HARDER WELLS BARON & MANNING, PC
474 Willamette Street, Suite 200
Eugene, OR 97401

Attorneys for Plaintiff

Kathryn Ann Miller
Nancy A. Mishalanie
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

Adrian L. Brown
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendant

JONES, Judge:

Claimant Summer Rae Carmona seeks judicial review of a final decision of the

Commissioner of Social Security denying her applications for a period of disability and

Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI"). This

court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3). Following a careful review of the record, the court concludes that the case must be

remanded for further proceedings.

## ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on June 8, 2005, and protectively filed an

application for SSI on May 31, 2005, alleging an inability to work since May 1, 2000. The

applications were denied initially and on reconsideration. Claimant timely filed a request for a

hearing. At the hearing held before the Administrative Law Judge ("ALJ") on February 6, 2008,

claimant, claimant's sister Amber Gupton, and a vocational expert ("VE") appeared and testified.

The ALJ issued a decision on February 22, 2008, denying claimant's applications. The ALJ's

decision became the final decision of the Commissioner on June 21, 2008, when the Appeals

Council declined claimant's request for review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylizki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the insured status requirements of the Social Security Act through December 31, 2006. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520(a), 416.920(a).

In the first step of the evaluation, the ALJ found that claimant had not engaged in substantial gainful activity since May 1, 2000, her alleged onset date. Second, the ALJ found that claimant had a severe combination of impairments in the form of "obesity and degenerative disc disease of the lumbar spine," that causes more than minimal limitations. Tr. 10. Third, the ALJ determined that claimant's impairments did not meet or medically equal any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P., App. 1. Tr. 11.

At the fourth step of the evaluation, the ALJ determined that claimant retained the following residual functional capacity:

3 - OPINION AND ORDER

> [To] lift and carry 20 pounds occasionally and 10 pounds frequently, sit
> for six hours per eight-hour work day, and stand and/or walk for six hours per
> eight-hour work day, but is limited to only occasional climbing and stooping, and
> only frequent balancing, kneeling, crouching, and crawling.

Tr. 11. In making that determination, the ALJ found that "the claimant's medically determinable

impairments could reasonably be expected to produce some of the alleged symptoms, but that the

claimant's statements concerning the intensity, persistence, and limiting effects of these

symptoms are not entirely credible." Tr. 13. The ALJ next determined, based on the VE's

testimony, that claimant was able to perform her past relevant work as a courtesy clerk.

At the fifth step of the evaluation, the ALJ found, again based on the VE's testimony, that

"considering the claimant's age, education, work experience, and residual functional capacity, the

claimant has been capable of making a successful adjustment to other work that exists in

significant numbers in the national economy." Tr. 14. Consequently, the ALJ found that

claimant was not disabled at any time from May 1, 2000, through the date of the ALJ's decision.

Tr. 14.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will therefore

not repeat the evidence except as necessary to explain my opinion.

## DISCUSSION

Claimant makes several arguments in favor of reversal and remand. These are: (1) the

ALJ failed to articulate clear and convincing reasons for finding claimant not to be fully credible;

(2) the ALJ improperly discounted the opinion of Dr. Lawrence, a treating physician; and (3) the

ALJ erred in failing to address claimant's sister's lay witness testimony.

After careful consideration of the record, I conclude that the case must be remanded because the ALJ failed to address or even discuss Amber Gupton's testimony, let alone provide "reasons germane" to the witness for disregarding her testimony. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). And while harmless error analysis sometimes applies in this circumstance, I cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006). This is because although the testimony might be "cumulative," as the Commissioner contends, it also tends to corroborate claimant's testimony concerning her lack of stamina and need for help in her daily activities because of pain.

Because this case must be remanded, I will only briefly address claimant's other arguments. The ALJ's credibility determination concerning claimant, as it presently stands, is properly supported. Because the ALJ must, however, credit and consider Gupton's testimony on remand, the ALJ also should reconsider claimant's excess pain testimony in light of Gupton's statements.

With respect to the ALJ's handling of Dr. Lawrence's opinion, I conclude that the ALJ did not err. Although Dr. Lawrence opined that claimant would not be able to sustain gainful employment, she also admitted that she "[is] not trained in Occupational Medicine and ha[s] limited experience with particular requirements and specific criteria that may be necessary to further define work-related limitations." Tr. 273. Moreover, as the ALJ noted, Dr. Lawrence provided no objective findings to support her opinion; indeed, the objective medical evidence as a whole was inconclusive and yielded no specific clinical findings or functional limitations.

5 - OPINION AND ORDER

Tr. 12. Consequently, I conclude that the ALJ's rejection of Dr. Lawrence's opinion is supported by substantial evidence.

## CONCLUSION

For the reasons stated, this case is REMANDED to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 3rd day of November, 2009.

ROBERT E. JONES
U.S. District Judge

6 - OPINION AND ORDER